UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MAXWELL KREMER,<br><br>    Plaintiff,<br><br>v.<br><br>ALPHABET INC.,<br><br>    Defendant. | Case No. 2:23-cv-00052<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

Pro se Plaintiff Maxwell Kremer filed a complaint against Defendant Alphabet, Inc., alleging that Alphabet's subsidiary Google "has illegally victimized [Kremer] by wiretapping, libel, trademark service[ ]mark infringement, and other crimes." (Doc. No. 1-1, PageID# 17.) Alphabet now moves to dismiss Kremer's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction or, in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims on which relief can be granted. (Doc. No. 6.) Kremer opposes Alphabet's motion (Doc. No. 8), and Alphabet has filed a reply (Doc. No. 11). Kremer has also filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Alphabet failed to file a timely answer to his complaint. (Doc. No. 9.) Alphabet opposes Kremer's motion (Doc. No. 13), and Kremer has filed a reply (Doc. No. 14).

The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B).[1] (Doc. No. 12.) For the reasons that follow, the Magistrate Judge will recommend that the Court grant Alphabet's motion to dismiss and deny Kremer's motion for judgment on the pleadings.

I.      **Factual and Procedural Background**

Kremer is a small business owner who resides in Cookeville, Tennessee. (Doc. No. 1-1.) He alleges that Alphabet is a company based in Mountain View, California, and that its "brands include gmail, google.com, youtube, google ads, nest and others." (*Id.* at PageID# 20, ¶ 23.)

Kremer "expected [to attract] business emails or social emails" to his gmail account by "displaying his website url" on his "vehicle" while "driving in public for over 8 years," but he "oddly received nearly 0% emails from new interests in that time." (*Id.* at PageID# 18, ¶ 3.) Because he did not receive the email traffic he anticipated, and because Google allegedly "sell[s] wiretapping equipment[,]" Kremer "believes [that] his emails, incoming or outgoing, were wiretapped by" Google. (*Id.* at ¶¶ 1–3.) He states that "[t]he absence of social emails has caused [him] emotional distress as sadness" and that "[t]he absence of business emails is a potential pecuniary loss of $1,000,000 or more because [he] has offered services at that price[ ] that were not purchased." (*Id.* at ¶¶ 5, 6.)

Kremer registered the service marks "microwavio" and "Kappa Tak Sorority Apartments" with the Tennessee Secretary of State in 2020. (*Id.* at PageID# 19, ¶¶ 10, 14; *id.* at PageID# 28–29.) Kremer alleges that Google displays "counterfeit mark[s]" of these service marks on its

---

[1]     In referring this case to the Magistrate Judge, the Court made a preliminary finding that it "appears to have subject-matter jurisdiction over the complaint because Kremer's claims arise under federal copyright law." (Doc. No. 12, PageID# 93 (citing 28 U.S.C. § 1331).) However, the Court did not directly address the jurisdictional arguments Alphabet raises in its motion to dismiss.

2

Case 2:23-cv-00052    Document 16    Filed 03/04/24    Page 2 of 13 PageID #: 108

websites without his permission. (*Id.* at PageID# 19, ¶¶ 12, 14.) Kremer also alleges that Google "displays libel remarks about [him] on [its] business website" (*id.* at ¶ 9), "displays [his] registered copyright image without [his] approval" (*id.* at PageID# 21, ¶ 28), and "posses[s]es, displays, advertises, or sells, child pornography . . ." (*id.* at PageID# 19, ¶ 17). Kremer alleges that Google's "crimes have caused [him] emotional distress that is nervousness because [Google] has spawned crimes in the community." (*Id.* at ¶ 18.)

Kremer initiated this action by filing a complaint against Alphabet in the Circuit Court of Putnam County, Tennessee, asserting claims of wiretapping, libel, trademark infringement, copyright infringement, and "child pornography" under state and federal laws. (Doc. No. 1-1.) The caption of his complaint names Alphabet as the only defendant, but, in the complaint's body, Kremer uses the term "Defendant" interchangeably to describe Google and Alphabet. (*Id.*) Kremer attached eleven exhibits to his complaint, including an "Overton County Business Tax Standard License" issued to "SIMCRIME.COM" (*id.* at PageID# 26); a "Certificate of Registration" from the U.S. Copyright Office for a photograph titled "Maxwell kremer's image 3" (*id.* at PageID# 27); certificates of registration from the Tennessee Secretary of State's office for the service marks "Microwavio" and "Kappatak Sorority Apartments" (*id.* at PageID# 28–29); screenshots of Google search results for the term "microwavio" showing a GIF attributed to "Tenor" and links to the websites microwavio.com, WEBTOON, and Reddit (*id.* at PageID# 30–31); a screenshot of Google search results for the term "kappa tak sorority apartments" showing links to the websites Trulia, Zillow, microwavio.com, Shoppok, Roomies.com, and Craigslist (*id.* at PageID# 32); screenshots of Google search results for the terms "fm bug" and "phishing hacker equipment" showing products available to purchase from Walmart, Elecbee, eBay, OzRobotics.com, and Hacker Warehouse (*id.* at PageID# 33, 36); a photograph of a $10.00 Google Play gift card next

3

to a purchase receipt from a Dollar General store in Cookeville, Tennessee (*id.* at PageID# 34); and an excerpt from a Wikipedia page containing information about Alphabet's 2022 revenue, operating income, net income, total assets, and total equity (*id.* at PageID# 35). Kremer's complaint seeks $20 million in damages and asks that "[t]he Defendant" and its employees "be sentenced [to] prison time, if they do not attempt to settle out of court, and if they refuse to participate in deleting and managing their own business website." (*Id.* at PageID#25, ¶ 48.)

Alphabet removed this action to federal court (Doc. No. 1) and moved to dismiss Kremer's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 6). Alphabet argues that this Court lacks subject matter jurisdiction over Kremer's claims and should dismiss his complaint under Rule 12(b)(1) because Kremer's "claims are wholly unsubstantial, if not fantastical, and devoid of merit." (Doc. No. 6-1, PageID# 56.) In the alternative, Alphabet argues that dismissal is warranted under Rule 12(b)(6) because Alphabet is not a proper defendant and Kremer has not alleged any plausible claims for relief. (Doc. No. 6-1.) Kremer responded in opposition to Alphabet's motion, arguing that Alphabet's "counsel is incredulous, a liar, a felony suspect, [and] an improper namesayer [*sic*] insulter" and that his claims are meritorious. (Doc. No. 8, PageID# 74.) Alphabet filed a reply reiterating its dismissal arguments. (Doc. No. 11.)

On the same day that he responded in opposition to Alphabet's motion to dismiss, Kremer moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Alphabet failed to file an answer to his complaint within seven days of filing its notice of removal. (Doc. No. 9.) Alphabet opposes Kremer's motion, arguing that it timely responded to Kremer's complaint by filing its motion to dismiss. (Doc. No. 13.) Kremer filed a reply in support of his motion, arguing that Alphabet "is wrong again" and asserting that his "motion is not frivolous." (Doc. No. 14, PageID# 98, 99.)

## II. Legal Standards

### A. Rule 12(b)(1)

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States," and several other categories of cases not at issue here.[2] U.S. Const. art. III, § 2, cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. However, the Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly insubstantial,' or 'no longer open to discussion[.]'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citations omitted); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding that district courts may dismiss claims for lack of jurisdiction "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" (citing *Hagans*, 415 U.S. at 536–37)), *cert. denied*, 528 U.S. 1198 (2000).

Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the

---

[2] For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104. A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Enriquez-Perdomo v. Newman*, 54 F.4th 855, 861 (6th Cir. 2022). A factual attack "'contests the alleged jurisdictional facts by introducing evidence outside the pleadings.'" *Id.* (quoting *Gaetano v. United States*, 994 F.3d 501, 505 (6th Cir. 2021)). In resolving factual attacks, "'the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts, and the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.'" *Id.* (quoting *Gaetano*, 994 F.3d at 505).

### B.  Rule 12(b)(6) and Rule 12(c)

The same legal standard applies to motions to dismiss for failure to state a claim under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 886 (M.D. Tenn. 2018). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain

6

"a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 722 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Kremer appears pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012). "[C]ourts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. Analysis

#### A. Alphabet's Motion to Dismiss

##### 1. Dismissal for Lack of Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)

Alphabet argues that the Court should dismiss Kremer's complaint for lack of subject-matter jurisdiction because "the claims are wholly unsubstantial, if not fantastical, and devoid of merit." (Doc. No. 6-1, PageID# 56.)

Even "[w]hen a district court is faced with a complaint that appears to be frivolous or unsubstantial in nature, dismissal under Rule 12(b)(1) (as opposed to Rule 12(b)(6)) is appropriate in only the rarest of circumstances where . . . the complaint is deemed totally implausible." *Apple*, 183 F.3d at 480. "[M]ost complaints will not be so clearly insufficient as to warrant dismissal under Rule 12(b)(1)" under this standard "but instead should be handled under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to state a claim upon which relief can be granted." *Id.* Further, where "'the basis of federal jurisdiction is intertwined with the plaintiff's federal cause of action,'" the Supreme Court's opinion in *Bell v. Hood*, 327 U.S. 678 (1946), instructs that "'the court should assume jurisdiction over the case and decide the case on the merits.'" *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 444 (6th Cir. 2006) (quoting *Eubanks v. McCotter*, 802 F.2d 790, 792–93 (5th Cir. 1986)); *see also Bell*, 327 U.S. at 681–82 ("[W]here the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions later noted, must entertain the suit."). "'The question of subject matter jurisdiction and the merits will normally be considered intertwined where the [same] statute provides both the basis of federal court subject matter jurisdiction and the cause of action.'" *Moore*, 458 F.3d at 444 (alteration in original) (quoting *Eubanks*, 802 F.2d at 793). The two "'exceptions to the rule of *Bell v. Hood* are that jurisdictional

dismissal is proper if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."'" *Id.* (quoting *Eubanks*, 802 F.2d at 793). "'This "standard is met only where the plaintiff's claim 'has no plausible foundation' or 'is clearly foreclosed by a prior Supreme Court decision.'"'" *Id.* "Absent such frivolity, 'the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.'" *Shapiro v. McManus*, 577 U.S. 39, 45 (2015).

Here, because federal copyright law provides the basis for the Court's jurisdiction and for Kremer's copyright infringement claims, the questions of whether Kremer has sufficiently established jurisdiction and sufficiently alleged copyright infringement are so intertwined as to invoke *Bell*'s rule directing the Court to resolve Kremer's action on its merits. *Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265, 1267 (D. Colo. 2011); *see also Moore*, 458 F.3d at 444. And Alphabet has not shown that Kremer's allegations are so entirely without foundation as to trigger one of *Bell*'s limited exceptions. Its only jurisdictional argument regarding Kremer's copyright claims is that these "claims are based solely on Kremer's photo . . . appearing in search results (with no infringement analysis)[.]" (Doc. No. 6-1, PageID# 56.) But Alphabet has not addressed the fact that Kremer submitted a certificate of registration from the U.S. Copyright Office stating that he is the author and copyright claimant of the image in question (Doc. No. 1-1). Nor has Alphabet identified a Supreme Court decision that clearly forecloses Kremer's copyright claim.

Alphabet thus has not shown that dismissal under Rule 12(b)(1) is warranted.

    **2.    Dismissal for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)**

Alphabet argues that the Court should dismiss all of Kremer's claims under Rule 12(b)(6) because Alphabet is Google's parent company and Kremer has not alleged sufficient facts to justify

holding Alphabet liable for Google's actions. (Doc. No. 6-1.) Kremer responds that this argument "is silly, and is similar to say[ing]" that his two service marks, Microwavio and Kappa Tak Sorority, are not the same when they "are [both] owned by Maxwell Kremer." (Doc. No. 8, PageID# 76.)

"It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (citation omitted). Thus, "[t]o state a claim against a parent company for its subsidiary's acts, [p]laintiffs must allege facts suggestive that "'such a complete identity between the defendant and the corporation [exists] as to suggest that one was simply the alter ego of the other'."" *Newsboys, Inc. v. Warner Music Inc.*, No. 3:12-cv-0678, 2013 WL 1718048, at *2 (M.D. Tenn. Apr. 19, 2013) (third alteration in original) (quoting *Precision, Inc. v. Kenco/Williams, Inc.*, 66 F. App'x 1, 4 (6th Cir. 2003)). Kremer's allegations about "[t]he Defendant's" wrongful conduct relate to Google, not Alphabet. (Doc. No. 1-1, PageID# 19, ¶ 18.) For example, Kremer alleges that Google's "search engine[ ]" (*id.* at PageID# 21, ¶ 28) "displays libel remarks about" him (*id.* at PageID# 19, ¶ 9); displays "counterfeit mark[s]" of his registered service marks (*id.* at ¶¶ 12, 14); and "displays [his] registered copyright image without [his] approval" (*id.* at PageID# 21, ¶ 28). Because Kremer has not alleged any specific wrongdoing by Alphabet, he would have to show an identity of interest between Alphabet and Google to state a claim against Alphabet. The only allegation in Kremer's complaint about Alphabet and Google's relationship is that Alphabet's "brands include gmail, google.com, youtube, google ads, nest and others." (Doc. No. 1-1, PageID# 20, ¶ 23.) Even liberally construed as an allegation that Alphabet controls Google, this allegation by itself is insufficient to establish Alphabet's plausible liability for

Google's actions because "[m]ere dominion and control of the parent over the subsidiary will not [alone] support alter ego liability." *Se. Texas Inns, Inc. v. Prime Hosp. Corp.*, 462 F.3d 666, 677 (6th Cir. 2006) (alterations in original) (quoting *Outokumpu Eng'g Enters., Inc. v. Kvaerner EnviroPower, Inc.*, 685 A.2d 724, 729 (Del. Super. Ct. 1996)). And Kremer has not alleged any "fraud or similar injustice" that would otherwise warrant holding Alphabet responsible for Google's alleged actions. *Newsboys, Inc.*, 2013 WL 1718048, at *2 (quoting *Se. Texas Inns, Inc.*, 462 F.3d at 674).

Kremer's complaint therefore fails to state any plausible claims for relief against Alphabet, and the Court should dismiss this action under Rule 12(b)(6).

### B. Kremer's Motion for Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(c)

Kremer argues that he is entitled to judgment on the pleadings under Rule 12(c) because Federal Rule of Civil Procedure 81(c) required Alphabet to file an answer, not a motion to dismiss, within seven days of removing this action to federal court. (Doc. No. 9.) Rule 81(c)(2) provides that, "[a]fter removal, . . . [a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within . . . 7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2)(C). Kremer concedes that Alphabet filed its motion to dismiss within this timeframe, but he argues that "such a motion is not a pleading" and "may not be considered as a pleading." (Doc. No. 9, PageID# 80.)

Kremer is correct that a motion is not a pleading as defined by the Federal Rules of Civil Procedure, but that fact does not weigh in his favor. The plain text of Rule 81(c)(2) provides defendants with the choice to "answer or present other defenses or objections under" the Federal Rules, Fed. R. Civ. P. 81(c)(2), including the defenses that may be asserted by a motion made under Rule 12(b). *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

11

Case 2:23-cv-00052   Document 16   Filed 03/04/24   Page 11 of 13 PageID #: 117

*Procedure* § 1395 (3d ed. supp. Feb. 2024) (explaining that deadline for presenting "Federal Rule 12(b) defenses or objections" after removal is "seven days after the filing of the notice of removal"). Because Alphabet filed its motion to dismiss Kremer's complaint under Rules 12(b)(1) and 12(b)(6) (Doc. No. 6) within seven days of filing its notice of removal (Doc. No. 1), Alphabet properly responded to Kremer's complaint under Rule 81(c)(2)(C). Kremer is not entitled to judgment on the pleadings. *Cf. Hicks v. PHH Mortg. Corp., Inc.*, Case No. 1:23-cv-356, 2024 WL 193653, at *3 (S.D. Ohio Jan. 18, 2024) (finding that plaintiff was "not entitled to default judgment" where defendants "moved to dismiss . . within the one-week time window" provided by Rule 81(c)(2)(C)).

**IV.    Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Kremer's motion for judgment on the pleadings (Doc. No. 9) be DENIED, that Alphabet's motion to dismiss (Doc. No. 6) be GRANTED, and that the Court DISMISS this action under Rule 12(b)(6) for failure to state claims on which relief can be granted.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 4th day of March, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge